### J. C. PIERCE vs. ISAIAH BALLARD.

J. L. DAGG, J., *ad hoc.* Where the judgment of the lower court was not signed or, at least, does not appear in the record, this Court will not consider affidavits that the judgment was signed, nor pass upon the case, even with consent of parties. 20 An. 94; 28 An. 26; 23 An. 262.

2. Where a contract of lease stipulates that the lessee shall build a cabin of certain dimensions and worth a certain sum, and deliver the same to the lessor at the end of the lease, but the lessee does not finish the cabin until some weeks after the termination of the lease, the lessor cannot then refuse to receive it and sue to recover its value, when he has permitted its construction to go on without objection.

---

### RICHARDSON & CO. vs. HORACE GAITHER.

MAYO, J. Where a party brings suit against his debtor, and the latter obtains a continuance, but at the same term of court confesses judgment in favor of his brother, on which execution is issued two days after the adjournment of court, and the creditor thereupon files a second suit coupled with an attachment and action to annul the brother's judgment, held: The second suit cannot be dismissed on the plea of *lis pendens* and no cause of action.

2. Although, where cause for attachment arises subsequent to plaintiff's filing an ordinary suit, the attachment may properly be applied for by amended petition in the original suit, there is nothing to prevent his filing a second suit as auxiliary to the first.

3. Such suit cannot be consolidated and tried together with the first.

4. The delay allowed before issuing execution is for the benefit of defendant, to enable him to take a suspensive appeal; 14 An. 288; but the creditor who makes a speedy issuance of execution cannot thereby obtain any advantage over other creditors.

5. The Appellate Court may reinstate an attachment, and give it full effect, although no suspensive appeal has been taken from the judgment dissolving it.